UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NEHEMIAH STEVEN BLACK BEAR, <br><br> Plaintiff, <br><br> vs. <br><br> LYNDEE KAMRATH, Minnehaha County Public Advocate, individual and official capacity; MINNEHAHA COUNTY STATE'S ATTORNEY OFFICE; MINNEHAHA COUNTY PUBLIC ADVOCATE OFFICE, <br><br> Defendants. | 4:21-CV-04176-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Nehemiah Steven Black Bear, an inmate at the Minnehaha County Jail,[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Black Bear moves to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 3.

**I.      Motion to Proceed Without Prepayment of Fees**

Black Bear reports average monthly deposits of $1.00 and an average monthly balance of $0.01. Docket 3 at 1. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C.

---

[1] Black Bear does not provide facts regarding the reason why he is detained at the Minnehaha County Jail or his expected release date. *See* Docket 1. The court will treat him as a pretrial detainee because he was incarcerated at a county jail when he filed the present action. *See id.* at 1.

§ 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Black Bear's prisoner trust account, the court grants Black Bear leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Black Bear must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency

> having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Black Bear's institution. Black Bear remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.   1915A Screening

### A.   Factual Background

The facts alleged in Black Bear's complaint are: that Lyndee Kamrath, an attorney employed by the Minnehaha County Public Advocate Office, has been appointed to represent Black Bear in criminal proceedings against him in the Second Judicial Circuit of South Dakota. Docket 4 at 2. He alleges that Kamrath has not submitted any motions, pleadings, or arguments on his behalf and that her assistance has been so deficient as to deprive him of access to the courts. Docket 1 at 5. He claims that Kamrath has conspired with the State's Attorney Office to obtain a guilty plea under threats, duress, and coercion. *Id.* He also claims that Kamrath has "continuously and unreasonably" delayed court dates in order to coerce guilty pleas that deprive him and other similarly situated individuals of their rights. *Id.* at 6. He alleges that Kamrath refused to provide him with copies of police reports, court orders, and other documents in his criminal case. Docket 4 at 2. Instead, she told him

3

that "Minnehaha County has a standing order that precludes attorneys from providing copies of police reports[.]" *Id.*

According to Black Bear, the Public Advocate Office has "a custom policy of practice" of depriving defendants of the right to effective counsel by appointing inadequate counsel. Docket 1 at 4. He also alleges that the Minnehaha County State's Attorney Office has conspired with the Public Advocate Office and Lyndee Kamrath to deprive him and other criminal defendants of their rights to due process and effective assistance of counsel. *Id.* at 5-6.

Black Bear brings claims for deprivation of his right to effective counsel, his right to access to the courts, and his right to due process. *Id.* at 4-6. He sues Lyndee Kamrath in her individual and official capacity, but he does not specify which claims he brings against each defendant. *See id.* at 2, 4-6. He claims that defendants deprived him of his constitutional rights, caused him mental anguish and loss of wages, and defamed his character. *Id.* at 4-6. Black Bear seeks several forms of injunctive relief. *Id.* at 7. He asks this court to order the state courts to appoint effective counsel and to order his appointed attorney to stop assisting the State's Attorney Office in obtaining guilty pleas. *Id.* He also asks this court to broaden the scope of representation for his and similarly situated individuals' appointed counsel to allow counsel to assist with civil complaints. *Id.* He asks this court to "fine, sanction, and sentence to the fullest extent" defendants under 18 U.S.C. §§ 241-246, criminal statutes pertaining to the deprivation of rights under color of law. *Id.* He also asks this

4

court to terminate the state employment of the individuals involved and to legalize marijuana. *Id.* He seeks $250,000 from each individual involved for each right violated and for the same money damages to be available to similarly situated individuals. *Id.*

### B.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or

inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Claims Against the Minnehaha County State's Attorney Office and Minnehaha County Public Advocate Office

Black Bear bring claims against the Minnehaha County State's Attorney Office and the Minnehaha County Public Advocate Office. Docket 1 at 2, 4-6. "[N]either municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (citations omitted). Thus, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of

"a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

    Here, Black Bear alleges that a Minnehaha County policy prevents him from viewing police reports or other documents from his criminal case. Docket 4 at 2. Under *Clay*, the governmental entity responsible for this policy may be liable if this policy caused a constitutional deprivation. Construing his complaint liberally, Black Bear claims that this policy deprived him of his right to access to the courts under the First Amendment. *See id.*; Docket 1 at 5. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a

7

result of the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Although Black Bear identifies a policy or custom, he fails to show that a nonfrivolous legal claim has been frustrated or impeded. *See* Docket 1 at 4-6; Docket 4 at 2. He does not identify a civil claim that he has been unable to bring as a result of this policy. *See* Docket 1 at 4-6; Docket 4 at 2. Further, he does not state any defenses or arguments that are unavailable to him in his civil case as a result of this policy. *See* Docket 1 at 4-6; Docket 4 at 2. Thus, his claim against the State's Attorney Office and Public Advocate Office for violation of his right to access to the courts under the First Amendment is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Black Bear also alleges that the State's Attorney Office and the Public Advocate Office conspire with each other to coerce defendants to plead guilty. Docket 1 at 4-6; Docket 4 at 2. But Black Bear provides no facts or details regarding these allegations other than conclusory language accusing the two offices of conspiring. *See* Docket 1 at 4-6; Docket 4 at 2. Black Bear fails to identify a policy or custom that has caused a constitutional injury. *See* Docket 1 at 4-6; Docket 4 at 2. Although he points to two civil complaints brought by other plaintiffs alleging similar claims, he does not specify the criminal charges

that he faces, the actions his appointed attorney has taken to compel him to plead guilty or to conspire with the State's Attorney's Office, or the missing motions and filings he believes his appointed attorney should have filed on his behalf. *See* Docket 1 at 4-6; Docket 4 at 2. Black Bear fails to allege facts that, if true, would raise his right to relief above the speculative level as required by *Twombly*. Thus, Black Bear's claims against the State's Attorney Office and the Public Advocate Office are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

## 2. Claims against Lyndee Kamrath

### a. Official Capacity Claims

Black Bear brings claims against Kamrath in her official capacity. Docket 1 at 2. Kamrath was an employee of the Minnehaha County Public Advocate Office at the time of the incidents in question. *Id.* "A suit against a government officer in [her] official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Black Bear's official capacity claims against Kamrath are equivalent to claims against Minnehaha County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. As above, a county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.* Here, Black Bear alleges that the Minnehaha County policy regarding

9

police reports has violated his right to access to the courts under the First Amendment, but again, he fails to show a constitutional injury caused by that policy. *See* Docket 1 at 4-6; Docket 4 at 2. Black Bear makes no other allegations regarding Minnehaha County Public Advocate Office policies or customs other than conclusory statements. Thus, his claims against Kamrath in her official capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b.   Individual Capacity Claims

Black Bear brings claims against Kamrath in her individual capacity. Docket 1 at 2. Construing his complaint liberally, Black Bear alleges that Kamrath has violated his rights to effective assistance of counsel under the Sixth Amendment, to access to the courts under the First Amendment, and to due process under the Fourteenth Amendment. *See id.* at 4-6. He also alleges that Kamrath conspired with the State's Attorney's Office to deprive him of his rights. *Id.* at 6. Under *Twombly*, these claims require Black Bear to allege facts sufficient to raise his right to relief above the speculative level.

Here, Black Bear fails to allege sufficient facts to state a claim upon which relief may be granted. Although he claims that Kamrath's representation was so deficient as to deprive him of his right to effective assistance of counsel, he does not identify what motions or filings she failed to submit on his behalf. *See id.* at 4-6; Docket 4 at 2. He alleges that Kamrath repeatedly delayed court dates to coerce him into pleading guilty, but he provides no information as to those court dates or delays. *See* Docket 1 at 6. He alleges no facts regarding a

conspiracy between Kamrath and the State's Attorney Office other than to claim that Kamrath has worked with the State's Attorney Office. *See id.* at 5-6. Black Bear fails to allege sufficient facts to meet the standard required by *Twombly*. Thus, Black Bear's claims against Kamrath in her individual capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D.   Strike Under 28 U.S.C. 1915(g)

The court finds that Black Bear's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Black Bear's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Black Bear's motion to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of Black Bear is directed that whenever the amount in Black Bear's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the

preceding month to Black Bear's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

3. That Black Bear's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That this action constitutes a strike against Black Bear for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5. That judgment is entered in favor of Lyndee Kamrath, Minnehaha County State's Attorney Office, and Minnehaha County Public Advocate Office and against Black Bear.

Dated November 16, 2021.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE